JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-09226 MMM (AJWx) | Date | December 15, 2010 |
|---|---|---|---|

| Title | *Aurora Loan Services, LLC v. Cromwell* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

## I. FACTUAL BACKGROUND

On March 23, 2010, plaintiff Aurora Loan Services, LLC filed an unlawful detainer action in Los Angeles Superior Court against *pro se* defendant Vaughn Cromwell and Does 1 through 10.[1] Aurora alleges that it purchased real property located at 5101 Jumilla Avenue, Woodland Hills, California 91364 ("the property") at a trustee foreclosure sale conducted in compliance with California Civil Code §§ 2924 *et seq.*[2] On March 15, 2010, Aurora served defendant with a notice to quit and deliver possession of the property in accordance with California Code of Civil Procedure § 1161(a).[3] Aurora asserts that, in contravention of § 1161(a), defendant failed and refused to deliver possession of the property following expiration of the notice, and continues in possession of the property without Aurora's permission or consent.[4] Aurora's complaint states a single state law claim for unlawful detainer. In addition to possession of the property, Aurora seeks damages equivalent

---

[1] Removal, Exh. 1 (Summons and Complaint ("Complaint")), Docket No. 1 (Dec. 1, 2010).

[2] Complaint, ¶¶ 2, 6-7.

[3] *Id.*, ¶ 8.

[4] *Id.*, ¶¶ 6, 9-10.

to the reasonable rental value of the property, approximately $33.33 per day, from March 23, 2010, to the date judgment is entered in its favor. It also seeks costs of suit.[5]

Defendant removed the action to this court on December 1, 2010, alleging that "removal is proper based on [a] federal question," namely, violations of federal statutes including 12 U.S.C. § 1452, 28 U.S.C. § 1352, 42 U.S.C. § 1985, the Real Estate Settlement Procedures Act (RESPA), the Truth in Lending Act (TILA), and the Federal Fair Debt Collection Practices Act (FDCPA).[6]

## II.  DISCUSSION

### A.    Legal Standards Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). As the party seeking removal, the defendant must prove, by a preponderance of the evidence, actual facts sufficient to support jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required"); see also 28 U.S.C. § 1441(b); *id.*, § 1331 (the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

---

[5]*Id.*, ¶ 12.

[6]Removal at 1-2.

### B.     Legal Standards Governing Federal Question Jurisdiction

Federal question jurisdiction is presumed to be absent unless a defendant, as the party seeking removal, shows that the plaintiff has either alleged a federal claim, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916), a state cause of action that requires resolution of a substantial issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Since a defendant can remove a case under § 1441(b) only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). It is not enough for removal purposes that a federal question may arise in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; see also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim"); *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"); *Franchise Tax Bd.*, 463 U.S. at 14 ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case").

### C.     Whether the Court Has Federal Question Jurisdiction to Hear this Case

Defendant contends that removal is proper because the district court has original jurisdiction under 12 U.S.C. § 1452, 28 U.S.C. § 1352, 42 U.S.C. § 1985, the Real Estate Settlement Procedures

Act (RESPA), the Truth in Lending Act (TILA), and the Federal Fair Debt Collection Practices Act (FDCPA).[7]  Aurora's complaint does not rely on these federal statutes, however.  To the contrary, Aurora states only an unlawful detainer claim, which is entirely a creature of state law, and over which the court does not have original jurisdiction.  See *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez,* NO. C09-05985 HRL*,* 2009 WL 5218006*,* *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").  Because "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," *Caterpillar*, 482 U.S. at 392, and because only a state law claim is pled, removal jurisdiction based on federal question is lacking.[8]

---

[7]Removal at 1-2.

[8]The court also notes that diversity jurisdiction is lacking.  "The district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ."  28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").  In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all defendants.  See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996).  Defendant's notice of removal does not plead either party's citizenship.  It is thus not possible for the court to determine whether the requirement of complete diversity is met.  The court notes, however, that if defendant is a citizen of California, removal is procedurally defective.  This is because 28 U.S.C. § 1441(b) states: "Any . . . action [other than one involving a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  See also *Lively v. Wild Oats Market, Inc.,* 456 F.3d 933, 936 (9th Cir. 2006) (same).

Additionally, defendant has not met his burden of demonstrating that the amount in controversy exceeds $75,000.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied," citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir.1992)).  Plaintiff's complaint pleads a "demand under $10,000." (Complaint at 1.)   In the face of this pleading, defendant would have to show, to a legal certainty, that the amount in controversy exceeds $75,000.  Defendant does not address the amount in controversy in his notice of removal and thus has not met this burden.

## III.  CONCLUSION

      For the reasons stated, the court lacks subject matter jurisdiction to hear this action, and directs the clerk to remand the case to Los Angeles Superior Court forthwith.